UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| JEROME W. JACKSON, )<br>)<br>   *Plaintiff,* )<br>)<br>v. )<br>)<br>FEDERAL PUBLIC DEFENDERS OFFICE, )<br>MARY ELLEN COLEMAN, Attorney at Law )<br>)<br>   *Defendants*. ) | No. 1:09-cv-279<br>*Chief Judge Curtis L. Collier* |

## **MEMORANDUM**

Jerome W. Jackson ("Jackson") has filed a *pro se* prisoner's civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1] (Court File No. 2). Jackson claims his court-appointed attorney did not adequately represent him in his federal criminal case in the United States District Court, Eastern District of Tennessee, Criminal Case Number 1:09-cr-71. Jackson seeks a jury trial, removal of Mary Ellen Coleman from the practice of law, appropriate sanctions against the Federal Public Defenders office, and $1,200,000.00 in compensatory, nominal, and punitive damages.

However, for the reasons explained below, no service shall issue and this complaint will be **DISMISSED** *sua sponte* (Court File No. 2). Accordingly, Jackson's motion to appoint counsel will be **DENIED as MOOT** (Court File No. 4).

**I.**     **Application to Proceed *In Forma Pauperis***

---

      [1]     In *Bivens v. Six Unknown Named Agents* the Supreme Court held damage suits could be maintained against federal officials for violations of the Constitution. *Id*. at 392. An action under *Bivens* is almost identical to an action under § 1983, except the former is maintained against federal officials while the latter is against state officials. *See Carlson v. Green*, 446 U.S. 14, 24-25 (1980).

It appears from the application to proceed *in forma pauperis* submitted by Jackson that he is indigent and lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Jackson, however, is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Jackson is a prisoner in custody at the United States Prison-Lee, in Jonesville, Virginia, he will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act ("PLRA"), Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Jackson shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Jackson's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Ave., Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a) twenty percent (20%) of the average monthly deposits to Jackson's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Jackson's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Jackson's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and Custodian of Inmate Accounts at United States Prison-Lee, and the Commissioner of the Federal Bureau of Prisons to ensure the custodian of Jackson's inmate trust account complies

with the portion of the PLRA relating to payment of the filing fee.

The agency having custody of Jackson shall collect the filing fee as funds become available. This order shall become a part of Jackson's file and follow him if he is transferred to another institution. The agency having custody of Jackson shall continue to collect monthly payments from Jackson's prisoner account until the entire filing fee of $350.00 is paid. The plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order.

## II. <u>Standard of Review</u>

### A. Pro Se Pleadings

A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F.

Supp. 1259, 1268 (W.D. Mich. 1997).

**B.    Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III..   Facts**

Jackson filed this complaint alleging the Federal Public Defenders Office and Attorney Mary Ellen Coleman ("Attorney Coleman") failed to adequately represent him in his federal criminal case in the United States District Court, Eastern District of Tennessee (Chattanooga), Criminal Case Number 1:08-cr-71. The Federal Public Defenders Office was appointed to represent Jackson in his federal criminal case, and Attorney Anthony Martinez ("Attorney Martinez") was initially assigned as lead attorney on Jackson's case. Jackson alleges that just before his trial was to begin on November 5, 2008, Attorney Martinez went out of town, so the case was assigned to Attorney Coleman without Jackson's knowledge or consent.[2] Jackson contends that Attorney Coleman knowingly and willingly subjected him to attorney malpractice and denied him his Constitutional Right to Due Process when she appeared for trial unprepared, failed to challenge certain evidence, and refused to call witnesses on Jackson's behalf (Court File No. 2)

**IV.    Analysis**

---

[2]    The criminal court file reflects Attorney Coleman participated in proceedings before the District Judge in Jackson's criminal case on October 27, 2008 (*United States v. Jackson*, 1:08-cr-71 (E.D. Tenn.) (Court File No. 13)).

4

### A.  42 U.S.C. § 1983 Claim and *Bivens* Claim

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied*, 502 U.S. 1032 (1992).

Similarly, to establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005), *available in* 2005 WL 1506229 (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002). The *Bivens* doctrine serves as the counterpart to civil rights actions against state actors pursuant to 42 U.S.C. § 1983, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

### B.  Court Appointed Attorney Does Not Act Under Color of Law

Jackson brings suit challenging Attorney Coleman's representation of him in his federal criminal case in the United States District Court in the Eastern Division of Tennessee. A court-appointed attorney, like any retained counsel, serves his client. Apparently Jackson is of the impression that a court-appointed attorney representing a client in the defense of a criminal charge in federal court is acting under color of federal law, within the meaning of *Bivens*. Jackson cites no authority and the Court does not find any which supports this view. To the contrary, courts have

5

uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *See Pagani-Gallego v. Escobedo,* 149 F.3d 1184 (6th Cir. 1994) (unpublished), *available in* 1998 WL 381562 (federal attorney appointed to represent criminal defendant under federal law is not federal official for purposes of *Bivens*); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("[A]ttorneys are not transformed into federal officials for purposes of *Bivens* action merely because they are appointed by a federal court pursuant to a federal law"); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (attorney appointed by federal court is not a federal officer for purposes of a *Bivens*-type action); *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259 (5th Cir. 1976) (A court-appointed defense attorney acting in a criminal case does not act under color of state law because no state action exists.); *Harkins v. Eldredge,* 505 F.2d 802 (8th Cir. 1974); *Page v. Sharpe,* 487 F.2d 567 (1st Cir. 1973); *Stewart v. Meeker,* 459 F.2d 669 (3d Cir. 1972); *Szijarto v. Legeman,* 466 F.2d 864 (9th Cir. 1972); *French v. Corrigan,* 432 F.2d 1211 (7th Cir. 1970); *Mulligan v. Schlachter,* 389 F.2d 231 (6th Cir. 1968); *Harris v. Ward,* 418 F.Supp. 660 (S.D.N.Y.1976).

The United States Supreme Court has held "a public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding." *West v. Atkins*, 487 U.S. 42, 49 (1988), (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). By analogy, federal public defenders do not act under color of federal law while performing their traditional function as counsel in federal criminal case. Therefore, Attorney Coleman is not suable in a *Bivens* action because a federal public defender, despite the fact she has been appointed by the court, does not act under color of federal law for purposes of *Bivens*.

As the Supreme Court has observed, "[a] criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State[] . . . and when representing an indigent defendant in a state criminal proceeding . . . the public defender does not act under color of state law for purposes of § 1983 because 'he is not acting on behalf of the State; he is the State's adversary.'" *West v. Atkins*, 487 U.S. at 50 (quoting *Polk County v. Dodson*, 454 U.S. at 452 N. 13). The same holds true for a criminal lawyer appointed by the government to represent an indigent defendant in a federal criminal proceeding. "[A]ttorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). Thus, Attorney Coleman was not transformed into a federal official acting under color of federal law for purposes of *Bivens* because, even though she was appointed by a federal court pursuant to federal law, she did not act on the federal government's behalf. She was the federal government's adversary.

Even if Attorney Coleman were considered a federal official, it does not appear Jackson would be entitled to any relief because he cannot maintain a *Bivens* civil rights action when the resolution of the claim would imply the invalidity of his federal conviction, until he first seeks and obtains relief from his conviction under 28 U.S.C. § 2255. *See Pagani-Gallego v. Escobedo,* 1998 WL 381562 at *1; *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994). Jackson argues Attorney Coleman violated his constitutional rights by denying him a fair trial, thus, it appears a judgment in his favor would necessarily imply the invalidity of his federal conviction. Such a result would violate the Supreme Court's holding in *Heck v. Humphrey* 512 U.S. 477 (1994) which prohibits pursuit of a civil action where a judgment

7

in the plaintiff's favor would imply the invalidity of a criminal conviction until such time as the criminal conviction has been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus by a federal court. *Id.* at 486-87.

In summary, the Court concludes Jackson has failed to set forth any claims or facts entitling him to relief under *Bivens*. Attorney Coleman did not act under color of federal law, and, therefore, Jackson has failed to state a claim under *Bivens*. Alternatively, even if Attorney Coleman were considered a federal official, Jackson's complaint is premature pursuant to the *Heck* doctrine which prohibits pursuit of a civil action where a judgment in a plaintiff's favor would imply the invalidity of a conviction that has not been reversed, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus by a federal court. *Heck v. Humphrey*, 512 U.S. at 486-87.

Accordingly, since the professional acts performed by Jackson's counsel cannot be considered acts done under color of federal authority, his complaint lacks an arguable basis in law and will be **DISMISSED** as frivolous, s*ee Neitzke v. Williams*, 490 U.S. 319, 326 (1989), and for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. 28 U.S.C. §§ 1915A and 1915(e)

A judgment order will enter **DISMISSING** Jackson's complaint in its entirety.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**